## CIRCUIT COURT OF THE CITY OF RICHMOND

David Wingfield Claypoole

    v.

Ag-Chem Equipment Co., Inc.,
and Suffolk Equipment Co.

Case No. LK-866-1

David Wingfield Claypoole

    v.

Ag-Chem Equipment Co., Inc.

    v.

Suffolk Equipment Co.

Case No. LJ-1243-1

August 25, 1986

By JUDGE MELVIN R. HUGHES, JR.

The Court took under advisement defendants' motions and objections to venue in these cases. My purpose in doing this was to study and consider § 8.01-263, Code of Virginia of 1950, as amended, in light of the argument.

The file contains a motion and objection brought on by Suffolk Equipment Co. to change venue in both cases "pursuant to the provisions of §§ 8.01-262 through

8.01-265." There is also a motion by Ag-Chem under Section 8.01-265.

While I consider the motion filed in LJ 1243-1 by Suffolk only on the basis of the action commenced against the original defendant, for the following reasons, I grant the motion in LK 866-1 and transfer both cases to the Circuit Court of the City of Suffolk, the place where John Leach, President-General Manager of Suffolk Equipment Co. testified he resides.

I expressed some concern whether § 8.01-263 is meant to apply to corporations. While I realize corporations have residence in the eyes of the law, it was not clear to me that, for purposes of venue in Virginia, the statute included corporations since no venue provision regarding Virginia corporations is predicated on where corporations "reside." However, my doubts have been resolved on further examination of the statute and after reading § 5.5, *Virginia Civil Procedure*, Boyd, Graves, and Middleditch (1982). In its pertinent part § 5.5 states:

> The proviso of subsection 1 follows former law, and gives preference to resident defendants when both resident and nonresident defendants are joined in an action. *This provision is parochial* in that it precludes a plaintiff from choosing a forum less convenient to a resident defendant by joining a non-resident in order to create another forum. (Italics supplied.)

Accordingly, while here venue in both cases is based on the registered agent, the intent of § 8.01-263 is to allow for a change of venue in favor of a resident, in this case a Virginia corporation, under § 8.01-262(1). In other words, the statute should be interpreted to mean that venue is proper in cases involving multiple defendants when venue as to any one is proper *except* in those cases where a resident and non-resident are joined as defendants in which case, on motion and objection, venue for the resident applies. The proviso in the statute is not restricted to preferred venue situations because the statute states, parenthetically, that the proviso, or exception, as I read it, applies in both preferred and permissible venue situations.

In so ruling, I follow an earlier ruling of this Court in *Romeo Guest Associates, Inc.* v. *W. C. Newman Company, Inc., et al.*, Case No. 80-755.

In *Romeo Guest*, this Court, per Judge Cole, transferred a case filed in this Court to the Circuit Court of Prince Edward County where, as here, a Virginia corporation was joined with a foreign corporation whose registered office was located in Richmond.

Plaintiff has not established good cause to retain LK 866-1. Rather, because LJ 1243-1 is in all respects a companion to LK 866-1, both cases arising out of the same transaction, both with basically the same allegations raising similar issues, judicial economy makes good cause for it too to transfer.